United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NICOLAS GARCIA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-07030 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, Respondents. | § | |
| | § | |

## ORDER ON DISMISSAL

Petitioner Nicolas Garcia filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 24, 2026. Dkt 1. He has been detained pursuant to an order of removal since November 4, 2025. Id at ¶¶5–7. He asserts that his current detention of almost a year violates (i) the Due Process Clause of the Fifth Amendment, as interpreted by *Zadvydas v Davis*, 533 US 678 (2001), and (ii) 8 USC §1231(a). Id at ¶¶73–86.

But this isn't the first *habeas* petition that he's filed on those grounds. His first was denied on August 17, 2026, just one week before the filing of the instant petition. *Garcia v Blanche*, 4:26-cv-3509 (SD Tex, Ganjei, J).

The pending motion by the Government to dismiss for abuse of the writ is granted. Dkt 5. The petition for writ of *habeas corpus* is thus dismissed. Dkt 1.

### 1. Background

Petitioner is a native and citizen of Cuba. Id at ¶2. He arrived in the Unites States in May 1980, at which time he was paroled under the Cuban Adjustment Act. Id at ¶2–3. In August 1996, he applied for, and was denied, Adjustment of Status under the Cuban Adjustment Act. Id at ¶3. Following several criminal convictions, he was

placed in removal proceedings in May 2002, while later being ordered removed from the United States in July 2002. Id at ¶¶3–4; see also Dkt 9-1 at 3 (reporting convictions).

Petitioner was then on a prolonged period of release on an order of supervision. He states that he was again detained pursuant to his order of removal on November 4, 2025. Dkt 1 at ¶¶5–7.

He filed the pending petition for writ of *habeas corpus* on August 24, 2026. Id at ¶1. Given the length of detention, the Government was ordered to show cause pursuant to 28 USC §2243. Dkt 4. It responded with a motion to dismiss for abuse of the writ. Dkt 5. The motion explains that Petitioner filed a previous petition on April 30, 2026, and cites *Garcia v Blanche*, 4:26-cv-3509 (SD Tex, Ganjei, J). The motion also explains that the prior petition was dismissed without prejudice to refiling a due process challenge to prolonged future detention, and with prejudice as to all other grounds. Dkt 5 at 1.

Petitioner responded. Dkt 6. He now acknowledges his prior *habeas* petition but asserts that this petition was filed in compliance with Judge Ganjei's order because it stems from his prolonged future detention. Id at 1–2.

The Government was ordered to make a further filing with respect to the significant likelihood of removal of Petitioner in the reasonably foreseeable future. Dkt 7. It responded and details Petitioner's immigration history and the status of its removal efforts. Dkt 9. It explains that his prior convictions "presented significant hurdles in effectuating his removal." Id at 2.

The response also establishes other facts, as follows:

- On December 19, 2025, the Cuban government denied Petition repatriation to his home country of Cuba.
- Three days later, Petitioner was served with a Notice of Third Country Removal, informing him of ICE's intention to remove him to Mexico, which Petitioner refused to sign.

- On January 29, 2026, Mexico refused to grant Petitioner entry due to his medical conditions.
- On February 23, 2026, ICE again tried to remove Petitioner to Mexico, which was denied due to a temporary pause in land border removals.
- The following day, Mexican officials informed ICE that Mexico wasn't accepting aliens with major criminal histories or medical issues for third country removals.
- On June 24, 2026, ICE officials submitted requests for third country removal of Petitioner to Costa Rica, the Dominican Republic, and Honduras.
- That same day, the Dominican Republic informed ICE it wasn't currently accepting third country removals.
- ICE hasn't yet received responses from Costa Rica and Honduras.

Dkt 9 at 2–3, citing Dkt 9-1 (sworn declaration of ICE deportation officer). The Government also represents that in the past three years, ICE has successfully removed fifteen Cuban citizens to these two countries via third country removals. Ibid.

Petitioner replied with a motion for judgment on the pleadings. Dkt 10. He points to a statement in the Government's affidavit that Enforcement and Removal Operations within ICE represented that it was "unable to make a determination on Significant Likelihood of Removal in the Reasonably Foreseeable Future." Id at 10, quoting Dkt 9-1 at 5. He thus urges judgment in his favor. Id at 1.

2. Legal standard

*As to the propriety of Petitioner's detention*, the parties agree that Petitioner is subject to a final removal order, and his detention is thus governed by 8 USC §1231(a). As such, the *Zadvydas* framework regarding detention pending removal governs. The undersigned considered that

decision at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). In sum, pursuant to *Zadvydas*, the Supreme Court interprets §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." 533 US at 689. It further holds in that regard that post removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

*As to abuse of the writ*, the Fifth Circuit states that a §2241 petition should be dismissed when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal habeas petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94. But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider prejudice when a petitioner fails to show cause. Id at 118.

3. Analysis

The question is whether, by virtue of continued detention, this petition now raises a claim that could not have been raised in the first petition.

The original *habeas* petition was dismissed on August 17, 2026. 4:26-cv-3509 (SD Tex, Ganjei, J), Dkt 20 at 2–3. The pending petition was filed just one week later, on August 24, 2026. Dkt 1. No new facts or circumstances exist aside from continued detention alone, which now tallies nearly twelve months—but which only added a single week prior to the refiling of the petition.

The facts related to the Government's efforts to remove Petitioner presented in this case were thus known to, and considered by, Judge Ganjei in his order denying Petitioner's prior petition. See 4:26-cv-3509 (SD Tex, Ganjei, J), Dkt 20 at 2–3. He noted the Government's failed efforts to remove him to Cuba, Mexico, and the Dominican Republic, as well as the pending efforts to remove him to Costa Rica and Honduras. Ibid. Even so, he found that the Government had shown that removal was significantly likely to occur in the foreseeable future, with the Government having thus met its burden under *Zadvydas*. Id at 3.

It appears that Petitioner is dissatisfied with that ruling. Be that as it may, the proper remedy for a challenge to that determination is through appeal. See 28 USC §2253(a): "In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." It is *not* proper to simply bring a subsequent petition hoping for a different ruling before a different judge. And the impropriety of Petitioner's course of conduct—and more particularly, his counsel's—is all the more apparent when the new petition itself failed entirely to disclose the denial of the prior petition. See Dkt 1.

To be clear, in line with Judge Ganjei's order, there does appear to be a future point at which the assertion of a significant likelihood of removal might not be further

supportable. For example, if and when Costa Rica and Honduras deny the Government's request for removal to those countries, Petitioner might then test significant likelihood on that change of facts. But the appropriate time to file a new petition was *not* seven days after the first denial.

4. Conclusion

The motion by the Government to dismiss the petition by Petitioner Nicolas Garcia for abuse of the writ is GRANTED. Dkt 5.

The motion for judgment on the pleadings by Petitioner is DENIED. Dkt 10.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ORDERED to designate any later petition for assignment to Judge Nicholas Ganjei as related to the first petition.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 29, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge